## Keystone Minerals & Asphalt v. Foltz

*D. W. Patterson,* for plaintiff.
*Michael Ristvey,* for defendants.

STRANAHAN, P. J., April 17, 1972.—This is a motion for judgment on the pleadings by wife defendant, Esther M. Foltz, for the reason that she contends the complaint in assumpsit does not set forth sufficient facts to impose liability upon her.

The complaint involves a claim for labor and material in performing certain blacktop work at 86 Maple Drive, Sharon, Pa. The complaint alleges in another paragraph that defendants, Charles W. Foltz and Esther M. Foltz, his wife, are individuals, with their address at 86 Maple Drive, Sharon, Pa.

Defendant, Esther M. Foltz, contends that since there is no allegation that the property at 86 Maple Drive is owned as tenants by the entireties, and further that since there is no allegation that she contracted for the services performed by plaintiff, nor that her husband acting as her agent contracted for these services, there should be no liability and she should be discharged as a defendant.

The parties are in accord that if property is owned by a husband and wife as tenants by the entireties and the husband contracts for certain improvements to be put upon the property, which enhances the value of the jointly owned property, then the wife can also be held liable provided the improvements contracted for by the husband were done in good faith. This principle of law seems well-established in the Commonwealth: Madden v. Gosztonyi Savings and Trust Company, 331 Pa. 477.

Were it not for the fact that this case is presently on the trial list and is scheduled to be pretried within the next two weeks we would be inclined to require plaintiff to amend his pleadings, or in the alternative, to grant the motion for judgment on the pleadings. However, to do this we would require removal of the case from the list and we would prefer to keep the list and dispose of these problems at a pretrial conference. If it appears at the time of the pretrial conference that the property at 86 Maple Drive, Sharon, Pa., was jointly owned by defendants as tenants by the entireties then we would be inclined to permit plaintiff to orally amend his pleadings to allege that fact. If it appears that only a portion of the work was done at that property and other portions of the work was done at other properties which are not owned as tenants by the entireties, this, too, can be developed at the pretrial conference and the court will then have an opportunity to rule on this matter in order to bring the case properly at issue.

We realize that this is somewhat unusual, but the court must expedite its business, and we do not feel that the issues involved in this case are so complicated that the parties cannot work them out adequately at the pretrial conference, and retain the case on the list so that it can be disposed of during the next term of court.

Not only is this court interested in expediting litigation, but we are sure that the parties and their counsel also have the same interest and no one will be prejudiced in handling the matter in this manner.

## ORDER

And now, April 17, 1972, the motion for judgment on the pleadings is refused.